# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

UNITED STATES OF AMERICA

v.

KAREEM DESSEAU

Case No:    8:03-cr-393-T-23TBM
USM No:    41557-018

Date Previous Judgment Signed: October 25, 2004

Defendant's Attorney:  Deana K. Marshall, ret.

## Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

The defendant moves (Doc. 201) under 18 U.S.C. § 3582(c)(2) for a reduction of the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). Having considered the motion,

**IT IS ORDERED** that the motion is:
☒    DENIED.
☐    GRANTED and the defendant's previously imposed term of imprisonment **IS REDUCED TO**

### I. COURT DETERMINATION OF GUIDELINE RANGE (prior to any departures)

| | | | |
|---|---|---|---|
| Previous Offense Level: | 31 | Amended Offense Level: | 29 |
| Criminal History Category: | I | Criminal History Category: | I |
| Previous Guideline Range: | 120 to 135 months plus 84 months consecutive | Amended Guideline Range: | 120 months plus 84 months consecutive |

### II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE
☐    The reduced sentence is within the amended guideline range.
☐    The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐    Other (explain):

### III. ADDITIONAL COMMENTS

Although at his October 22, 2004, sentencing his calculated offense level was 31 based on 216.6 grams of crack cocaine (after a three-level decrease for acceptance of responsibility and assisting authorities in the investigation of the offense) and his criminal history category was I, which yields a guidelines sentencing range of 108-135 months, a 10-year statutory minimum mandatory applied to count one and a mandatory consecutive 7-year term applied to count two. The court granted the United States' substantial assistance(5K1.1) motion for reduction and reduced the sentence for count one by two levels--to offense level 29, criminal history category I, range 87-108 months. The court imposed an 87-month term as to count one and the mandatory consecutive 84-month term as to count two.

Although the recent revision to the Drug Quantity Table reduces to level 29 (after a three-level decrease for acceptance of responsibility and assisting authorities in the investigation of the offense) the offense level for 216.6 grams of cocaine base, the 10-year statutory minimum mandatory remains the starting point for calculating the defendant's sentence, effectively negating the two-level decrease in offense level and corresponding reduction in sentence the defendant seeks.

Section 1B1.10(a)(2)(B) provides that a reduction in sentence is "not consistent with this policy statement and therefore is not authorized . . . under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not

Defendant: KAREEM DESSEAU                                                                 Page 2 of 2
Case No.   8:03-cr-393-T-23TBM

have the effect of lowering the defendant's applicable guideline range."  The pertinent "Application Note" in the "Commentary" accompanying Section1B1.10(a)(2)(B) confirms that Amendment 706 will not lower the defendant's applicable guideline range if the operation of Amendment 706 is superseded by the operation of a statutory minimum mandatory term of imprisonment, which occurs in Desseau's circumstance.

All provisions of the judgment signed October 25, 2004, remain in effect.

ORDERED in Tampa, Florida, on _____October 29th_____, 2008.

Effective Date: _____
   (if different from order date)

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE